19-3121
*U.S. Bank National Association v. Triaxx Asset Management LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> DENNY CHIN,
> > *Circuit Judge*,
> KATHERINE POLK FAILLA,
> > *District Judge.**

---

U.S. BANK NATIONAL ASSOCIATION, solely in its capacity as Trustee,

> *Interpleader Plaintiff-Appellee*,

v.                                                              19-3121

TRIAXX ASSET MANAGEMENT LLC, FKA ICP ASSET MANAGEMENT LLC, SERENGETI ASSET MANAGEMENT, LP, TRIAXX PRIME CDO 2006-2 LTD., TRIAXX PRIME CDO 2007-1, LTD.,

> *Interpleader Defendants-Cross*
> *Defendants-Appellants*,

v.

---

* Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

1

PACIFIC INVESTMENT MANAGEMENT COMPANY, LLC,

> *Interpleader Defendant-Cross Defendant-Appellee*.

CERBERUS CAPITAL MANAGEMENT, L.P.,

> *Interpleader Defendant-Cross Claimant*.

_____

| | |
|---|---|
| For Interpleader Plaintiff-Appellee: | ALEXANDER S. LORENZO (Elizabeth A. Buckel *on the brief*), Alston & Bird LLP, New York, NY |
| For Interpleader Defendant-Cross Defendant-Appellant Serengeti Asset Management, LP: | MICHAEL A. HANIN, Kasowitz Benson Torres LLP, New York, NY; Henry B. Brownstein, Kasowitz Benson Torres LLP, Washington, DC |
| For Interpleader Defendants-Cross Defendants-Appellants Triaxx Asset Management LLC, FKA ICP Asset Management LLC, Triaxx Prime CDO 2006-2 Ltd., and Triaxx Prime CDO 2007-1, Ltd.: | ERIC N. WHITNEY, Arnold & Porter Kaye Scholer LLP, New York, NY |
| For Interpleader Defendant-Cross Defendant-Appellee: | SANDEEP SAVLA (Greg Mortenson *on the brief*), Latham & Watkins LLP, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Triaxx Asset Management LLC ("Triaxx"), Serengeti Asset Management, LP, and their co-appellants (together, "Appellants") appeal from a September 17, 2019 judgment of the United States District Court for the Southern District of New York (Nathan, *J.*) entered after a bench trial.

On appeal, Appellants do not challenge the substance of the district court's judgment, but instead assert that the district court erred by concluding it had subject matter jurisdiction over the case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

We review the district court's factual findings regarding subject matter jurisdiction for clear error and its legal conclusion as to whether subject matter jurisdiction exists *de novo*. *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003). Below, the district court concluded that subject matter jurisdiction existed under the Edge Act, 12 U.S.C. § 632, which gives federal courts jurisdiction over certain actions involving nationally chartered corporations. For Edge Act jurisdiction to exist, three things must be true: first, the suit must be a civil action; second, a "corporation organized under the laws of the United States" must be a party; and third, the suit must "aris[e] out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations." *Id.*; *see Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, 712 F.3d 775, 780 (2d Cir. 2013). In *American International Group*, we further clarified that the federally chartered corporation must actually engage in the relevant offshore transaction for Edge Act jurisdiction to exist. *Am. Int'l Grp., Inc.*, 712 F.3d at 784. Because this action is indisputably civil, Appellants focus their arguments on the second two requirements for Edge Act jurisdiction, arguing neither is met. For the reasons that follow, we agree with the district court that the Edge Act provides subject matter jurisdiction.

First, Appellants challenge the district court's conclusion that U.S. Bank—which is the only federally chartered corporation involved—is actually a party. They note that their amended

3

crossclaim (which is at issue here) did not name U.S. Bank as a party. Further, they argue that this omission is appropriate because U.S. Bank faces no risk of liability in this dispute because its role is limited to taking ministerial actions at the behest of Triaxx. And therefore, because there is no risk of liability, they argue U.S. Bank is not a party for the purposes of the Edge Act. *See Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 792 (2d Cir. 1980) (concluding that Edge Act jurisdiction existed where the federally chartered corporation faced potential liability).

We agree with the district court, however, that the *Corporacion Venezolana* standard is met in this case. While U.S. Bank is indeed not named as a party in the amended crossclaim, the pleading asks for the court's judgment to be binding on the Trustee all the same. Moreover, Triaxx initiated proceedings in the Cayman Islands against U.S. Bank asking for essentially the same declaratory relief as in its crossclaim in the district court and, accordingly, that action was stayed pending the outcome of these proceedings. Our conclusion is further buttressed by our reading of the relevant Indentures, which we understand to make U.S. Bank potentially responsible, in part, to the Noteholders and more than a mere passive instrumentality of Triaxx. Indeed, during oral argument, counsel for PIMCO directed the Court's attention to sections of the Indentures to this effect. Taken together, these facts lead us to conclude that U.S. Bank, which commenced the original interpleader, faced a risk of liability in this case and, as such, is a party for the purposes of the Edge Act.

Second, Appellants argue that this case does not have the required foreign elements for Edge Act jurisdiction. In essence, they urge us to look closely at the specific consequences that flow from the district court's decision and to conclude that because there are no foreign elements, Edge Act jurisdiction is inappropriate. But this Circuit's cases do not require such a tight

4

connection. For example, in *Wilson v. Dantas* we held that the Edge Act created jurisdiction over breach of fiduciary duty and contract claims arising out of work done by an individual as part of an international investment program. 746 F.3d 530, 534–35 (2d Cir. 2014). The relevant question is whether the claim arises out of foreign transactions, not whether foreign transactions will result from relief being granted or withheld.

Here the relevant claims do indeed "aris[e] out of . . . international or foreign financial operations" by U.S. Bank. 12 U.S.C. § 632. In its role as Trustee, U.S. Bank entered into a set of complex financial relationships that, in addition to other obligations, have resulted in it holding a lien over securities held by the Cayman Islands-based Issuers. This is thus a foreign financial transaction. Moreover, Appellants' crossclaim arises out of this same web of financial relationships. Indeed, for the sale ordered by the district court to take place, U.S. Bank must release the lien. That is sufficient.

In sum, based on these facts we conclude that U.S. Bank is indeed a party and furthermore that this suit arises out of its foreign financial activities. And therefore, because this is a civil case, the Edge Act gave the district court subject matter jurisdiction to decide its merits.

* * *

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5